UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RYAN DUANE EDGER,

      Petitioner,

v.                                                 Case No. 1:06-CV-30
                                                      (Criminal Case No. 1:02-CR-112)

UNITED STATES OF AMERICA,

                                                      HON. GORDON J. QUIST

      Respondent.
_____/

## OPINION

This Court has before it Ryan Duane Edger's ("Petitioner") Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody. Promptly after the filing of a § 2255 motion, the court must undertake a preliminary review of the motion to determine whether it plainly appears from the motion, the attached exhibits and the record of prior proceedings that Petitioner is not entitled to relief in the district court. Rule 4, Rules Governing § 2255 Cases. If so, the court shall make an order for its summary dismissal. *Id.* A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999) (applying Rule 4 to petition filed under 28 U.S.C. § 2254). After undertaking the review required by Rule 4, the Court concludes that Petitioner is not entitled to relief.

      1.    **Procedural History.**

On July 22, 2002, Petitioner pled guilty to felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On December 3, 2002, this Court sentenced Petitioner to 110 months incarceration. Judgment was entered on December 4, 2002, and Petitioner had 10 days after that date (until December 18, 2002) in which to file an appeal with the Court of Appeals for the Sixth Circuit. *See* Fed. R. App. P. 4(b), 26(a)(2). Petitioner did not appeal his sentence.

On January 11, 2006, Petitioner filed this motion under 28 U.S.C. § 2255. The essence of this petition is that this Court violated Petitioner's Sixth Amendment rights (1) by enhancing his sentence by two points under U.S.S.G. § 2K2.1(b)(4) based on the finding that the firearm was stolen; (2) by enhancing his sentence by four points under U.S.S.G. § 2K2.1(b)(5) based on the finding that the firearm was used in connection with another felony offense, specifically, assault with intent to commit murder; and (3) by applying a base offense level of 28 based on the finding that the firearm was possessed in connection with the commission of another offense, assault with intent to commit murder. (Def's § 2255 Motion at 3-4.)

In his motion, Petitioner relies on *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004) and *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005) for his argument that the Court violated his Sixth Amendment rights. In *Blakely*, the Supreme Court held that a Washington state trial judge's enhancement of a defendant's sentence based on the judge's finding of deliberate cruelty violated the defendant's Sixth Amendment right to a trial by jury. The decision called into question the constitutionality of both Washington state's sentencing guidelines and the federal sentencing guidelines. In *Booker*, the Supreme Court addressed whether the federal sentencing guidelines and enhancement provisions violate a defendant's Sixth Amendment rights. The Supreme Court concluded that the mandatory federal sentencing guidelines are subject to the jury trial requirements of the Sixth Amendment. However, the application of the federal guidelines does not violate a defendant's constitutional rights so long as the guidelines are advisory rather than mandatory.

    **2.** **Time Barred.**

Under § 2255, Petitioner must have filed his petition within one year after the date on which his judgment of conviction became final. 28 U.S.C. § 2255. The Sixth Circuit has held that when

2

a § 2255 movant did not pursue a direct appeal to the court of appeals, his conviction became final on the date on which the time for filing such appeal expired. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004) . Thus, Petitioner had until December 18, 2003, in which to file his petition. Because he did not file his petition until January 11, 2006, the petition is untimely.

Without directly holding in a published opinion, the Sixth Circuit has suggested that, although the court may *sua sponte* raise a statute of limitations problem if a responsive pleading has not been filed, it must first provide the Petitioner with notice and an opportunity to be heard on the reasons for the delay before dismissing the action. *See Scott v. Collins*, 286 F.3d 923, 930 (6th Cir. 2002); *Wade v. Webb*, 83 Fed. Appx. 703, 704-05 (6th Cir. 2003) (unpublished opinion). However, because this motion is dismissed on other grounds below, notice and an opportunity to be heard on the statute of limitations issue would be futile and will not be provided here.

### 3. *Blakely* and *Booker* Relief Cannot be Applied Retroactively.

Petitioner's claim fails because the Sixth Circuit has explicitly held that the new procedural rules set forth in *Blakely* and *Booker* do not apply retroactively to cases on collateral review. *See Humphress v. United States,* 398 F.3d 855, 860-863 (6th Cir. 2005), *cert. denied*, 126 S. Ct. 199 (2005). In *Humphress*, the district court had enhanced the Petitioner's sentence by nine points based on factual findings, at least some of which had not been found by the jury. The Petitioner filed a § 2255 motion, claiming that the enhanced sentence violated *Blakely*. Because *Booker* was decided after the Petitioner had filed his motion, the Sixth Circuit also considered *Booker* in its analysis. It concluded that, although *Booker* and *Blakely* were "new rules" of criminal procedure, they did not meet the criteria required to be applied retroactively to cases on collateral review set

forth by the Supreme Court in *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060 (1989). Specifically, the new rules do not forbid punishment of certain primary conduct or prohibit a certain category of punishment for a class of defendants because of their status or offense. *See Humphress*, 398 F.3d at 860-863. Furthermore, they are not "watershed rules" that implicate the fundamental fairness and accuracy of the criminal proceeding. *See id.* Accordingly, Petitioner's claim must fail.

### 4.     No Certificate of Appealability.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2255 Cases is a determination that the § 2255 motion, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

4

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

## **Conclusion**

For these reasons, Petitioner's § 2255 Motion (docket no. 1) will be DISMISSED pursuant to Rule 4 of the Rules Governing § 2255 Cases. In addition, a certificate of appealability will be DENIED as to each issue raised by Petitioner because he has failed to make a "substantial showing of a denial of a constitutional right."

A separate order will issue.


Dated:  February 22, 2006                               /s/ Gordon J. Quist
                                                                          GORDON J. QUIST
                                                             UNITED STATES DISTRICT JUDGE